**SO ORDERED.**

**SIGNED this 18 day of April, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

**IN RE:**

    **LARRY I. COOKE and
PAMELIA S. COOKE,**

            **Debtors.**          **Case No. 05-09737-8-JRL
Chapter 13**

_____

### ORDER

This matter is before the court on the Chapter 13 trustee's motion for confirmation and the motion for relief from stay filed by Centex Home Equity Company, LLC ("Centex"). On April 12, 2006, the court conducted a hearing in Wilson, North Carolina.

Centex is a creditor in the debtors' case, secured by real property in Princeton, North Carolina. The debtors' Chapter 13 plan proposes to allow the secured claim in the amount of $25,000 with the remaining balance unsecured. Centex asserts that the plan violates § 1322(b)(2) as it attempts to modify a claim secured only by the debtors' principal residence. Additionally, the debtors allegedly failed to make

two monthly mortgage payments to Centex, with a total post-petition arrearage of $1,612.56. Centex seeks relief from the stay so that it may institute foreclosure proceedings against the real property.

The debtors contend that a mobile home on their property is not subject to the deed of trust held by Centex, due to the existence of an outstanding certificate of title. Centex does not have a lien on the certificate of title to the mobile home. Although the debtors have removed the wheels and built a front porch on their mobile home, they argue that it is not a fixture but a motor vehicle because the wheels can be reattached. As such, it is personal property and § 1322(b)(2) does not apply.

Under 11 U.S.C. § 1322(b)(2), a Chapter 13 plan may modify the rights of secured claim holders, "other than a claim secured only by a security interest in real property that is the debtor's principal residence." The North Carolina Supreme Court has examined three factors when determining whether chattel attached to real property has become real property. See Wilson v. McLeod Oil Co., 327 N.C. 491, 515 (1990). The first and second factors are "the manner in which the article is attached to the realty" and "the nature of the article" and its purpose. The third factor is "the intention with which the annexation of the article to the realty is made." Id. The Court also noted that in addition to the factors, "when additions are made to the land by its owner, it is generally viewed that the purpose of the addition is to enhance the value of the land, and the chattel becomes part of the land." Id. (citing Little v. Nat. Serv. Indus., Inc., 79 N.C. App. 688, 692 (N.C. App. 1986)).

In this case, the debtors removed the wheels from their mobile home and added a front porch with a concrete foundation. The porch is nailed to the home so that it cannot be moved easily or without damage to the structure. The debtors have lived in the mobile home for over a decade and held it out as real property when obtaining a loan. They have also acknowledged under oath that they intended for the mobile

home to be part of the realty.

Based on the foregoing, the court finds that the debtors' mobile home is part of their real property and subject to § 1322(b)(2). Accordingly, the motion for confirmation is denied but the case is not dismissed. The court will allow the debtors and the Chapter 13 trustee an opportunity to propose a new plan that complies with the anti-modification provision. The court will defer ruling on the motion for relief from stay to allow the debtors and Centex to resolve their dispute in light of the court's findings. If a consent order is not filed within twenty days of this order, the motion will be re-set for hearing with notice to all parties.

"End of Document"